Arabella **LEMUS**, Plaintiff–Appellee,

v.

Paul Singh **MADAR**, Objector–Appellant,

v.

**H & R Block Enterprises, Inc., a Missouri corporation, Defendant–Appellee.**

No. 13–16628.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 17, 2015.*

Filed Feb. 27, 2015.

Dale Arthur Anderson, Louis M. Marlin, Marlin & Saltzman LLP, Irvine, CA, Marcus J. Bradley, Stanley D. Saltzman, Esquire, Marlin & Saltzman, LLP, Agoura Hills, CA, for Plaintiff–Appellee.

Paul Singh Madar, pro se.

Robert J. Carty, Jr., Seyfarth Shaw LLP, Houston, TX, Rebecca D. Eisen, Morgan Lewis & Bockius LLP, Andrew McNaught, Seyfarth Shaw LLP, San Francisco, CA, Carrie A. Gonell, Morgan, Lewis & Bockius LLP, Irvine, CA, Andrew M. Paley, Esquire, Sheryl L. Skibbe, Esquire, Seyfarth Shaw, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

### MEMORANDUM **

Paul Singh Madar appeals pro se from the district court's order disallowing his claim against a class action settlement fund. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1128 (9th Cir.1977). We affirm.

The district court did not abuse its discretion by disallowing Madar's claim to a portion of the settlement where Madar's claim was not timely received, and Madar

"made no showing that [his] claim was treated in a fashion inconsistent with those of other claimants similarly situated." *Id.* ("In reviewing the court's exercise of its discretion, we are not to substitute our ideas of fairness for those of the district judge in the absence of evidence that [she] acted arbitrarily[.]" (citation and internal quotation marks omitted)).

### AFFIRMED.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

